UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LL SOUTH SAN FRANCISCO, L.P., et al.,<br><br>　　　　　　Defendants. | Case No. 21-cv-00632-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Pending before the Court is Defendants' motion to dismiss Plaintiff Brian Whitaker's first amended complaint ("FAC"). Dkt. No. 8 ("Mot."). The Court finds this matter appropriate for disposition without oral argument, and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the following reasons, the Court **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**.

**I. BACKGROUND**

Plaintiff, a quadriplegic who uses a wheelchair for mobility, alleges he "planned on making a trip in January of 2021 to the San Francisco, California, area." Dkt. No. 15 FAC ¶¶ 1, 12. He allegedly chose Defendants' Larkspur Landing South San Francisco hotel because it "was at a desirable price and location." *Id.* ¶ 13. According to Plaintiff, when he attempted to book an accessible room at that location, he found that "other than the naked claim that this room was 'wheelchair accessible' with a roll-in shower, there was no other information about the mobility accessible features for the room on this online reservation system." *Id.* ¶ 20. He "was unable to make any specific-room determinations due to the lack of identification, description or details about the particular room he was interested in booking." *Id.* ¶ 21. In particular, Plaintiff alleges, the hotel website did not sufficiently advise him whether (1) "there are grab bars at the toilet;" (2)

1 the bathroom sinks "were cabinet style sinks or had low hanging aprons that did not provide knee clearance for a wheelchair user to pull up and under or, alternatively, where the plumbing underneath the sink was not wrapped with insulation to protect against burning contact to his knees;" and (3) whether the doorways "are at least 32 inches wide so he can get his wheelchair through." *Id.* ¶¶ 22-24.

Based on these allegations, Plaintiff asserts two Causes of Action: "Violation of the Americans with Disabilities Act of 1990" and "Violation of the Unruh Civil Rights Act."

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Yet even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id*. at 999–1000.

Separately, the incorporation by reference doctrine is a judicially-created doctrine that allows a court to consider certain documents as though they were part of the complaint itself. *Id*. at 1002. This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims. *Id*. Incorporation by reference is appropriate "if the plaintiff refers exclusively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. However, "the mere mention of the existence of a document is insufficient to incorporate the contents" of a document. *Id*. at 1002. And while a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.

## III. DISCUSSION

### A. Judicial Notice

As part of its motion, Defendants request that the Court take judicial notice of the following documents:

1) A copy of the "Landing page" and Accessibility Tab of Defendants' website, https://www.casamadrona.com/, https://www.larkspurhotels.com/south-san-francisco, Ex. 1;

2) A copy of the relevant pages from Defendants' website showing the various accessible room descriptions, Ex. 2;

3) A list of Plaintiff's cases filed in California federal court from PACER, Ex. 3;

4) The Consent Decree in *United States v. Hilton Worldwide Inc.*, No. 10-cv-1924, ECF No. 5 (D.D.C. Nov. 29, 2010), Ex. 4;

5) The order dismissing complaint with prejudice in *Arroyo v. JWMFE Anaheim, LLC*, Case No. 8:21-cv-00014-CJC-KES (C.D. Cal. February 16, 2021), Ex. 5;

6) A copy of the Accessibility Page of JWMFE Anaheim's Marriott website addressed in *Arroyo v. JWMFE Anaheim, LLC*, Ex. 6.

7) The order dismissing case in *Salinas v. Apple Ten SPE Capistrano, LLC,* Case No. 8:20-cv-02379-CJC-DFM (C.D. Cal. February 18, 2021)

Dkt. No. 8-1 ("RJN").

Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The Court may take judicial notice of court documents already in the public record and documents filed in other courts. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Thus, Exhibits 4, 5, and 7 are proper subjects of judicial notice.

Websites and their contents may also be proper subjects for judicial notice. *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (and cases cited therein); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (recognizing that "websites and their contents may be proper subjects for judicial notice" where

4

party "supplied the court with hard copies of the actual web pages of which they sought to have the court take judicial notice").

Further, under the doctrine of incorporation by reference, the Court may consider not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). "The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Ritchie*, 342 F.3d at 908.

Here, Exhibits 1 and 2 are publicly-accessible web pages, and they are expressly cited and relied upon in Plaintiff's complaint. FAC ¶¶ 16-19. Accordingly, the Court may consider these documents in evaluating Defendant's motion. *See Barnes v. Marriott Hotel Servs., Inc.*, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of pages of Marriott's website in website accessibility claim).

Accordingly, the Court **GRANTS IN PART** Defendant's request and takes judicial notice of Exhibits 1, 2, 4, 5, and 7. The Court does not rely on Exhibits 3 or 6 in reaching its decision. Thus, the Court denies Defendants' Request for Judicial Notice as to Exhibits 3 and 6 as moot.

**B.     Plaintiff's ADA Claim**

Plaintiff contends that Defendants' reservation system violates 28 C.F.R. § 36.302(e). That section requires that a "public accommodation that owns, leases (or leases to), or operates a place of lodging" must comply with a number of requirements "with respect to reservations made by any means," including when such reservations are made through a third-party. In particular, § 36.302(e)(1)(ii) requires that public accommodations "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to

reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs."

Plaintiff contends that Defendants' reservation system violates § 36.302(e) because the website does not provide sufficient detail about accessible features to allow a wheelchair user to make an independent assessment of whether these features would meet his needs. FAC ¶¶ 20-21. He suggests that more detailed descriptions of rooms or features would be appropriate, including whether he can transfer to and use the toilet; whether the restroom sink provides appropriate knee clearance; and whether the doorways are at least 32 inches wide so he can get his wheelchair through. *Id.* ¶¶ 22-24.

Plaintiff and Plaintiff's counsel have bought numerous, and nearly identical, ADA claims that have almost uniformly been rejected and dismissed by courts in the Ninth Circuit. *See, e.g.*, *Whitaker v. Cesano, Inc.*, No. 21-CV-01018-MMC, 2021 WL 1947539 (N.D. Cal. May 14, 2021); *Love v. Marriott Hotel Services,* No. 20-cv-07137-TSH, 2021 2021 WL 810252 (N.D. Cal. Mar. 3, 2021); *Garcia v. Gateway Hotel., L.P.* No. CV 20-10752-PA (GJSx), 2021 WL 936176 (C.D. Cal. Feb. 25, 2021). The Court finds the reasoning of these cases persuasive.

Defendants, and other courts to consider Plaintiff's theory, refer to an Appendix to the regulations, 28 C.F.R. Pt. 36, App. A, in which the DOJ provides the following commentary regarding accessibility information required under the regulations:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.
>
> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or

6

rooms.

28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"); s*ee Love*, 2021 WL 810252, at *5; Mot. 6-7.

The DOJ's commentary sets out four key principles: (1) "a reservations system is not intended to be an accessibility survey"; (2) "it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices)"; (3) "[f]or older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms"; and (4) "[f]or older hotels, information about important features that do not comply with the 1991 Standards." 28 C.F.R. Pt. 36, App. A. The DOJ guidance is "entitled to substantial deference." *Kohler v. Presidio Int'l, Inc.*, 782 F.3d 1064, 1069 (9th Cir. 2015) (DOJ's guidance interpreting requirements of the ADA is "entitled to substantial deference") (internal quotation marks and citation omitted).

The Court finds that Defendants provide accessibility features descriptions that meet or exceed the level of detail proposed by the ADA guidance. The "Accessibility Features" section of Defendants' website includes the following information:

- There is access to the hotel through the main entrance.
- There is elevator access to all floors.
- The doorways are wide enough for maneuvering.
- There is space for a wheelchair to move easily in the guest room and washroom.
- The telephone is reachable from the bed.
- The shower is a roll-in.
- The shower has an attached seat.
- There is a reachable hand held shower head.
- There are grab bars in shower/bath.

7

1     • The toilet height meets ADA requirements.

2     • Grab bars are available in relation to the toilet.

3     • Bathroom sink pipes are insulated to prevent burns.

4     • Sink taps are reachable.

5     • Kitchens feature accessible appliances and sink.

*See* RJN, Ex. 1. The room descriptions on the website also indicate whether the room is wheelchair accessible and identify accessible rooms with the label "ADA." RJN, Ex. 2. The Court finds these descriptions and this level of detail to satisfy the requirements of 28 C.F.R. § 36.302(e) as a matter of law. This finding accords with numerous other decisions. *See Love*, 2021 WL 810252, at * 6 (collecting decisions that reject Plaintiff's Reservation Rule theory as applied to websites with similar levels of detail).

Further, Defendants' website also states that "[i]f you require additional information about the accessible features offered at any of our hotels (including further details about accessible rooms) or any other accessibility concerns, please call 650-827-1515 or email us at ssfll@larkspurhotels.com." RJN, Ex. 1. Plaintiff argues that while "[h]aving staffed lines is great," it does not "excuse[] having the required information on the website." Dkt. No. 22 ("Opp.") at 4. Plaintiff cites no case law for this position, and in fact case law states otherwise.

In the 2010 Guidance, DOJ acknowledges that "individuals with disabilities may wish to contact the hotel or reservations services for more detailed information." 28 C.F.R. § Pt. 36, App. A. "Courts have interpreted this to mean that a website need not include all potentially relevant accessibility information where an inquiring patron can simply call the hotel for more information." *Garcia*, 2021 WL 936176, at *5; *Love*, 2021 WL 810252, at * 7 ("[T]he 2010 Guidance makes clear that details about a hotel's accessible features—'such as the specific layout of the room and bathroom, shower design, grab-bar locations, and other amenities available (e.g., bathtub bench)'—can be provided 'once reservations are made' and do not have to be provided on the reservations website.") (quoting 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis")).

Accordingly, the Court finds that Plaintiff fails to adequately state a claim that Defendants'

website violates the ADA.

### C. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (citation and internal quotations omitted). Having dismissed Plaintiff's federal claim, the Court, in its discretion, declines to assert supplemental jurisdiction over the remaining state law claim.

### D. Leave To Amend

Defendants initially filed their motion to dismiss in response to Plaintiff's original complaint. *See* Dkt. No. 8. Rather than oppose the motion to dismiss, Plaintiff chose to file the FAC. *See* Dkt. No. 16. Upon inquiry of the Court, Defendants indicated that they wished to proceed with the same motion to dismiss as they asserted that it was equally applicable to the FAC. Dkt. No. 20. Because Plaintiff had the opportunity to amend his complaint and still failed to adequately plead a claim, and because the allegations themselves and properly judicially-noticed materials establish that leave to amend would be futile, the Court now **DISMISSES** the FAC **WITHOUT LEAVE TO AMEND**.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss **WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: 6/4/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge